Marcus G. Christ, J.
This suit is to impress a lien for damages caused by breach of defendant’s agreement to sell a house and lot to plaintiff. The agreement is short and in writing. It follows in full.
“ 7/24/54
Received from Albert Schaps 101 Lincoln Road, Bklyn,
N. Y., Two hundred Fifty Dollars as deposit towards purchase of house located at 1682 Putnam Road, Valley Stream, L. I.
Total purchase price is to be $23,200 which includes refrigeration, washing machine, kitchen nook & electric range.
There are no brokerage fees to be paid by either parties.
Contract to be signed no later than August 3rd, 1954. Seller has to be out by Nov. 1st, 1954.
[Signed] Benjamin Roberman Albert L. Schaps ”
A previous suit for specific performance of this agreement was resolved in favor of the defendant upon the firiding that title was in the name of defendant and his wife. Since the wife had not made an agreement to sell nor was she estopped to deny such an agreement, specific performance could not be decreed against both husband and wife as prayed for in the complaint.
The court, however, held the memorandum of sale “ sufficient in form to meet the requirements of Section 259 of the Real Property Law ” i.e., that it was an agreement in writing to sell land. (Schaps v. Roberman, 140 N. Y. S. 2d. 308, Ritchie, J.) This was quoted later with approval by Mr. Justice Hogan denying a motion to dismiss the present complaint under subdivision 4 of rule 107 of the Rules of Civil Practice. The Appellate Division affirmed, holding the previous action was not a bar to this suit. (2 A D 2d 714.) The court finds that the memorandum of agreement is sufficient in law.
The defendant urges another ground of defense. It is, that when he signed the memorandum and took the check as a down payment it was all tentative and subject to his wife’s approval which was never forthcoming. That all this was made known *303 to the plaintiff and with plaintiff’s full agreement. The evidence does not support this claim.
The defendant says the talks started on Saturday and ran over until Sunday when the memorandum and the checks were delivered. His narration of the sequence of events is woven around this fact. The plaintiff says the transaction was concluded on Saturday. The memorandum date bears out the plaintiff. It is dated July 24, 1954 which is a Saturday. This supports the happenings as related by the plaintiff. The plaintiff was never informed of the defendant’s wife’s interest in the property. Although the defendant says his wife heard the conversations she was not called as a witness, nor was her absence explained.
It does not appear plausible to the court that defendant would write out and sign and deliver a memorandum and then take a $250 check as deposit upon the oral understanding that it was not binding. In any event, the facts bear out the plaintiff’s contention.
The adjournments of closing without mention of any desire to escape from the contract all support the view that a firm agreement to sell was made. The check has never been cashed and it is now a stale check and has been lost. It is not considered as a part of the damage since payment may be stopped on it. The damages are found to be $1,150. Judgment for the plaintiff for $1,150, without interest, but with the costs of this action.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.